**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3949
_____

ROBERT BENHENNI,
                              Appellant

v.

BAYESIAN EFFICIENT STRATEGIC TRADING, LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-15-cv-08511)
District Judge:  Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2017

Before: RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed: June 5, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Robert Benhenni appeals pro se the District Court's denial of his petition to vacate

an arbitration award under the Federal Arbitration Act.  We will affirm.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis. In 2012, Benhenni worked as an independent contractor for Bayesian Efficient Strategic Trading, LLC ("BEST"), an investment management firm. Near the end of the year, BEST offered Benhenni a full-time employment position, with a base salary of $180,000 plus performance based bonuses. Although Benhenni was dissatisfied with this offer, he ultimately accepted BEST's employment offer with the expectation of a sizable bonus. At the end of 2013, BEST offered Benhenni a bonus of $10,000 based on a strong performance over the prior year. Benhenni was displeased with the amount of his bonus and BEST did not pay him the $10,000 bonus.

Benhenni subsequently filed a demand for arbitration with the American Arbitration Association, seeking damages of at least $375,000 based on BEST's failure to pay a more substantial bonus. After BEST filed a motion to dismiss, the Arbitrator issued an interim opinion and award setting a hearing for Benhenni's breach-of-contract claim and dismissing the remainder of Benhenni's claims. BEST then consented to the entry of a final award in the amount of $10,000 in lieu of a hearing, and the Arbitrator entered a final order awarding Benhenni $10,000.

Benhenni filed a petition to vacate and/or modify the arbitration award in the District of New Jersey. After the matter was fully briefed, the District Judge denied Benhenni's petition. Benhenni appeals.

## II.

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).[1] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's legal conclusions de novo and its factual findings for clear error. Opalinski v. Robert Half Int'l Inc., 761 F.3d 326, 330 (3d Cir. 2014).

## III.

Although we construe pro se submissions liberally, see Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), and we permit pro se appellants to use an informal brief form provided by the Clerk in lieu of a formal brief, pro se litigants generally "must abide by the same rules that apply to all other litigants," Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). An appellant who chooses to file a formal brief is expected to comply with federal and local rules of procedure. As we have previously explained, "[a]n issue is waived unless a party raises it in [his] opening brief, and for those purposes a passing reference to an issue … will not suffice to bring that issue before this court." Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994) (internal quotation marks omitted); see Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying waiver doctrine to pro se appeal).

---

[1] The District Court determined that Benhenni's claim met the amount in controversy threshold based on the "the demand approach," explaining that Benhenni had demanded $375,000 in damages in his underlying arbitration action. See Karsner v. Lothian, 532 F.3d 876, 882 (D.C. Cir. 2008). The parties do not dispute the District Court's determination. We are satisfied with the District Court's resolution of the question of its subject matter jurisdiction.

In this case, Benhenni has filed a non-compliant, 57-page appellate brief. See Fed. R. App. P. 32(a)(7)(A). Benhenni's brief is devoid of references to the record and citations to legal authority in support of his arguments, as required by Federal Rule of Appellate Procedure 28(a)(8)(A). Even construed liberally, Benhenni's rambling brief fails to clearly identify why the District Court's order should be disturbed. See United States v. Hoffecker, 530 F.3d 137, 162-63 (3d Cir. 2008).

Despite these deficiencies and the difficulty we have encountered discerning the issues raised on appeal, we will briefly discuss Benhenni's contentions. Benhenni sought to vacate the arbitrator's award pursuant to 9 U.S.C. § 10(a)(3) and (4), arguing, essentially, that the Arbitrator incorrectly interpreted the bonus clause of his employment contract.[2] The Arbitrator determined that the bonus clause provided for a discretionary, performance based bonus. Benhenni claims that the contract can only be interpreted to permit discretion on the decision whether to award a bonus and preclude discretion as to the amount of any bonus awarded. Benhenni argues that the Arbitrator, in failing to reach this conclusion, failed to construe the contract. Benhenni also argues that the Arbitrator committed misconduct by failing to interpret the contract in light of the parties' prior course of conduct and financial industry practices.

---

[2] The relevant section of the employment contract states: "[i]n the discretion of the Partners, based upon the performance of the Employee and the Company, Employee may receive an additional bonus in such amount and at such time as determined by the Partners[.]" Appellee's Appendix, Vol. I, 30a.

We review the District Court's legal conclusions de novo and any factual findings for clear error, and we will vacate an award only under "exceedingly narrow circumstances." Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 251 (3d Cir. 2013) (citation omitted). The Federal Arbitration Act provides that a district court may vacate an arbitration award "where the arbitrators were guilty of misconduct in refusing to … hear evidence pertinent and material to the controversy" or "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(3)-(4). Benhenni's burden to demonstrate that the award should be set aside is "heavy." Oxford Health Plans LLC v. Sutter, 133 S. Ct. 2064, 2068 (2013). The question for our review is "whether the arbitrator (even arguably) interpreted the parties' contract, not whether [s]he got its meaning right or wrong." Id.

The Arbitrator conducted a detailed discussion of the applicable choice of law arguments and determined that the employment contract's New Jersey choice of law provision was binding. The Arbitrator discussed the disputed contract language and each party's proffered interpretation. Focusing on the text of the contract, she concluded that the bonus clause of the contract was not ambiguous. Finally, the Arbitrator rejected Benhenni's assertion that evidence regarding the parties' prior course of conduct and financial industry practices was admissible, reasoning that it was barred by New Jersey's parol evidence jurisprudence. As the District Court explained, the Arbitrator thoughtfully construed the employment contract. Benhenni's arguments amount to assertions that the

5

Arbitrator's interpretation was flawed, a basis upon which we cannot vacate the Arbitrator's award. See Freeman, 709 F.3d at 251 (explaining that "[w]e do not entertain claims that an arbitrator has made factual or legal errors").

Benhenni also argued that the Arbitrator engaged in misconduct by precluding a full and fair evidentiary hearing, precluding discovery, and making an improper factual determination. The Arbitrator denied in part BEST's motion to dismiss with respect to a determination whether the Partners "exercised discretion to grant a bonus to [Benhenni] for 2013 in the amount of $10,000 as alleged and, if so, whether the failure to pay this bonus was a breach of the parties' Employment Agreement." Appellee's Appendix, Vol. I, 49a. The Arbitrator determined that, as a matter of law, Benhenni did not have a right, guarantee, or entitlement to a bonus, much less a bonus of any certain amount. Benhenni appears to take issue with the Arbitrator's setting the bonus amount at $10,000 without discovery or an evidentiary hearing. However, the Arbitrator ruled in favor of Benhenni, finding that he had a cognizable claim for breach of contract. Moreover, the Arbitrator did not arbitrarily set the amount for the breach of contract claim at $10,000, but instead accepted Benhenni's submission that this was the bonus amount BEST had offered and subsequently refused to pay. Therefore, the District Court correctly held that the Arbitrator did not engage in misconduct.

Benhenni alleges that that the District Court erred in finding that he did not raise a claim under Section 11 of the Federal Arbitration Act. However, he raised no argument in the District Court pursuant to Section 11, and the District Court did not err in so

6

finding.  Finally, Benhenni's briefs appear to raise claims that were not before the District Court and, therefore, may not be considered here.[3]  See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011).

IV.

For the foregoing reasons, we will affirm the order of the District Court. Appellee's motion for leave to file a supplemental appendix (Appendix, Volume I) is granted.  To the extent Appellee seeks to expand the record (Appendix, Volume II), the motion is denied.

---

[3] Benhenni appears to raise claims that: (1) the Arbitrator engaged in misconduct by copying and pasting portions of BEST's brief, (2) Benhenni was not provided participation in a deferred compensation plan, (3) Sections 10(a)(1) and 10(a)(2) provided a basis to vacate the arbitration award, and (4) the attorney for the Appellee lied to the Arbitrator.

7